IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00487-TPO

SOONEN AHUA;
RAMIN SOLTANMOHAMMADI;
SALEH KHALAJ MONFARED;
MEHRDAD REZAEI;
GHOLAMREZA ZAKERI;
MAHBOUBEH HEDAYATI,
MAHDI ZAKERI, and
M.Z.;
BABAK MIRZAZADEH;
HAMED VAKILITALEGHANI;
AMIN HOSSEINIAN;
HAMIDREZA SHATERIAN MOHAMMADI, and
SAMIRA SHEIKI;
REYHANEH ZAFARNEJAD, and
MOHAMMAD MERATI;
AMIN MONIRIMORAD, and
NAFISEH REZAEITARAHOMI; and
BEHNAZ SHIRAZI,

Plaintiffs,

v.

JOSEPH B. EDLOW,
In his official capacity as Direct of U.S. Citizenship and Immigration Services,

Defendant.

---

**ORDER**

---

**Timothy P. O'Hara, United States Magistrate Judge**

This matter is before the Court upon the mutual consent of the Parties, ECFs 7, 10; 28 U.S.C. § 636(c), to adjudicate Plaintiffs' Motion for Preliminary Injunction [ECF 8, 8-1].[1] The

[1] Plaintiffs filed a Notice of Motion and Motion for Preliminary Injunction as ECF 8, and the attachment, ECF 8-1, contains the Memorandum of Law.

Court has reviewed the Parties' briefing,[2] supporting exhibits, and oral arguments presented at the Hearing held on September 2, 2026, in considering the Motion. For the reasons stated below, Plaintiffs' Motion [ECF 8] is respectfully **denied**.

## BACKGROUND

*Plaintiffs' Complaint [ECF 1]*

The 18 Plaintiffs are nationals of Iran or Nigeria who have each submitted a form I-485, *Application to Register Permanent Residence or Adjust Status*, to U.S. Citizenship and Immigration Services ("USCIS"). ECF 1 ¶ 12. The Complaint and Motion assert that their applications remain pending due to two challenged USCIS Policy Memoranda that resulted in withholding and delaying decisions.[3] ECF 1 ¶ 2; *see also* ECF 8-1 at 10.

On December 2, 2025, USCIS published a policy memorandum that placed a hold on pending benefits requests for non-citizens from 19 purportedly high-risk countries (Policy Memo I). ECF 1 ¶ 47; ECF 1-1; ECF 8-1 at 11. On January 1, 2026, USCIS published a second policy memorandum, expanding the scope of Policy Memo I to include applicants from 39 countries, plus the Palestinian Authority (Policy Memo II). ECF 1 ¶ 48; ECF 1-2; ECF 8-1 at 12. For the 17 Plaintiffs who are Iranian nationals, adjudications for their I-485 applications were placed on hold by Policy Memo I. ECF 8-1 at 12. For Plaintiff Ahua, a Nigerian national, he was subject to Policy Memo II. *Id.*

---

[2] The Court has reviewed the Complaint [ECF 1], Plaintiffs' Motion [ECF 8], Defendant's Response to the Motion [ECF 17], Plaintiffs' Reply [ECF 18], Plaintiffs' Notices of Supplemental Authorities [ECFs 19, 24, 27, and 32], and the Parties' supplemental briefing filed in compliance with the Court's Order [ECF 40], Defendant's at ECF 41 and Plaintiffs' at ECF 42.

[3] As stated by Plaintiffs' counsel at the September 2, 2026 hearing, one Plaintiff, Soonen Ahua, has since been granted a green card. The other 17 Plaintiffs' applications remain pending.

Since the Policy Memos were issued and implemented, numerous actions have been filed across the country challenging the adjudication holds. In the Complaint, the Plaintiffs raise seven causes of action: (1) 28 U.S.C. § 1361, Writ of Mandamus, ECF 1 ¶¶ 85-100; (2) Unlawful Withhold or Unreasonable Delay, in violation of the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 555(b), 706(1), *et seq.*, *id.* ¶¶ 101-11; (3) the Policy Memos are Arbitrary, Capricious, an Abuse of Discretion, or Otherwise not in Accordance with Law, in violation of § 706(2)(A) of the APA, *id.* ¶¶ 112-17; (4) an Agency Action without Observance of Procedure Required by Law, in violation of § 706(2)(D) of the APA, *id.* ¶¶ 118-26; (5) Discrimination based on National Origins, in violation of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1152(a)(1)(A), *id.* ¶¶ 127-29; (6) Due Process and Equal Protection under the Fifth Amendment, *id.* ¶¶ 130-36; and (7) *Ultra Vires* action, *id.* ¶¶ 137-41.

*Plaintiffs' Motion for Preliminary Injunction [ECF 8]*

On February 13, 2026, Plaintiffs filed their Motion for Preliminary Injunction. ECF 8-1. Plaintiffs argue that their claims merit the "extraordinary relief of a preliminary injunction." *Id*. at 15 (citing *Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 797 (10th Cir. 2019)); *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008)). Plaintiffs request an Order from this Court "enjoining Defendant from applying a hold to Plaintiffs' I-485 applications, and mandating Defendant adjudicate them within thirty days of this Court's order." ECF 8-1 at 47.

Defendant objects to Plaintiffs' request for preliminary injunctive relief. ECF 17. Defendant highlights, as relevant to this Motion, that since Policy Memorandum I was issued, "USCIS has made many changes to its screening and vetting process." *Id*. at 7 (citing ECF 7-1 (Declaration of Andrew Good, Chief of the USCIS Office of Policy and Strategy)). Defendant also points out that Plaintiffs are in different stages of the application process, with the most recent

applicant having submitted their I-485 in January of 2026, approximately one week before the lawsuit was filed. *Id.* at 8-9.

*Dorcas Int'l Inst. of Rhode Island and the Class Action*

As alluded to above, similar litigation has been presented in federal courts across the country. Two cases warrant due consideration.

First, on June 5, 2026, Chief U.S. District Judge John J. McConnell, Jr. in the District of Rhode Island issued an Order finding the Policy Memos contrary to law pursuant to 5 U.S.C. § 706(2), and arbitrary and capricious, *id.* § 706(2)(A). *Dorcas Int'l Inst. of Rhode Island v. United States Citizenship and Immigr. Servs.* (*Dorcas I*), 834 F. Supp. 3d 242, 325 (D.R.I. 2026). The *Dorcas* court vacated and set aside these policies and issued declaratory judgment. *Id.* at 326. This Order has been appealed to the First Circuit, which has since denied the government's request to stay with respect to the benefits hold policy relevant here. *Dorcas Int'l Inst. of Rhode Island v. United States Citizenship and Immigr. Servs.* (*Dorcas II*), 186 F.4th 883, 884 (1st Cir. 2026) (denying stay of asylum hold and benefits hold policies vacated by *Dorcas I*).[4] Following *Dorcas I*, USCIS posted an update on its website that the Policy Memos "should be treated as if they are not in effect." *See Ghassemibouyaghchi v. Edlow*, No. 26-cv-04933-AGT, 2026 WL 1959121, at *1 (N.D. Cal. July 6, 2026) (citing USCIS online update). Despite the Policy Memos being vacated by *Dorcas I*, the Court acknowledges that follow-on injunctions have subsequently been issued "because of the uncertainty that remains as to whether that ruling will be stayed or overturned on appeal." *Sunny-Odio v. Trump*, No. 26-cv-04816-RFL, 2026 WL 1763854, at *2 (N.D. Cal. June 18, 2026) (finding imminent harm and granting follow-on injunction, enjoining USCIS from

[4] The First Circuit granted the stay, in part, as to the Comprehensive Re-Review policy, which is not at issue in this case. *See Dorcas II*, 186 F.4th at 884.

applying Policy Memos); *see also Choupanzadeh v. Mullin*, No. 26-cv-0277-SM-TSM, 2026 WL 1724398, at *6 (D.N.H. June 15, 2026). Plaintiffs urges this Court to follow these cases. ECF 42 at 4 (collecting cases).

More recently, U.S. District Judge Charles R. Breyer granted class certification and a preliminary injunction to a group of approximately 400 plaintiffs in an action based on the same policy memoranda at issue in this case. *See Red Eagle Law, L.C. v. Edlow*, No. 26-cv-04850-CRB, 2026 WL 2476424 (N.D. Cal. 2026).[5] Judge Breyer certified the following Rule 23(b)(2) class of individuals who:

(1) Are citizens or natives of one or more of the 39 countries listed in Presidential Proclamations 10949 or 10998, or the Palestinian Authority; and
(2) Who are seeking asylum with an I-589 application pending; or
(3) Otherwise have a benefit application pending with U.S. Citizenship and Immigration Services;
(4) That is subject to the adjudication hold imposed by USCIS Policy Memorandum PM-602-1092 (December 2, 2025) or PM-602-0194 (January 1, 2026) that has not received final adjudication as of the date of class certification.

*Id.* at *6. Significant to the Court's adjudication of the Motion is that a preliminary injunction was issued in *Red Eagle Law*, requiring that the plaintiffs' and certified class members' applications "be adjudicated in the normal course of USCIS's process." *Id.* Although Plaintiffs' counsel expressed uncertainty that the Plaintiffs were part of the certified class at the September 2, 2026 hearing, Plaintiffs in their supplemental brief acknowledge that they "are members of the *Red Eagle Law* class." ECF 42 at 4.

[5] The Court notes that Plaintiffs' counsel in this case was appointed class counsel in *Red Eagle Law*, 2026 WL 2476424, at *6.

## ANALYSIS

*Standard*

"To obtain a preliminary injunction, the moving party must demonstrate four factors: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter*, 555 U.S. 7; *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 342 F.3d 1170, 1177 (10th Cir. 2003)). "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (internal quotations omitted) (quoting *Wilderness Workshop v. BLM*, 531 F.3d 1220, 1224 (10th Cir. 2008)).

Certain types of preliminary injunctions are disfavored, requiring the movant to meet a heavier burden. These include preliminary injunctions that: 1) alter the status quo, 2) require the nonmoving party to take affirmative action, or 3) afford the movant all the relief that it may recover at the conclusion of a determination of the merits at trial. *O Centro*, 389 F.3d at 975 (citing *SCFC ILC, Inc. v. Visa USA, Inc*., 936 F.2d 1096, 1098-99 (10th Cir. 1991)). In such cases, the requested preliminary injunction "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id*.

As a threshold matter, the Court first finds that Plaintiffs seek a disfavored mandatory injunction that would require an affirmative action. *See* ECF 8-1 at 47 (requesting an "order enjoining Defendant from applying a hold to Plaintiffs' I-485 applications, and mandating Defendant adjudicate them within thirty days of this Court's order."). Defendants argue for this in their Response. ECF 17 at 9-10. Plaintiffs do not suggest otherwise in their Reply. ECF 18.

*Likelihood of Success on the Merits*

Plaintiffs' request for an order enjoining Defendant from "applying a hold to Plaintiffs' I-485 applications, and mandating Defendant adjudicate them within thirty days of this Court's order," ECF 8-1 at 47, mirrors the injunctive relief sought in *Red Eagle Law*. 2026 WL 2476424 at *1 (noting request for "declaratory and injunctive relief to enjoin the delay in adjudication of their applications pursuant to the memoranda and compel Edlow to act on the applications"). A small distinction is that Plaintiffs here seek to compel adjudication within 30 days, and in *Red Eagle Law*, they requested adjudication within 60 days. 2026 WL 2476424, at *6. The *Red Eagle Law* court determined the request to compel adjudication by a specific deadline improper, however, and instead ordered USCIS to "put Plaintiffs back in the 'normal queue.'" *Id.* (brackets omitted) (quoting *Sunny-Odio*, 2025 WL 1763854, at *2).

Thus, there are material developments significantly weighing against Plaintiffs' likelihood of success on the merits before this Court. First, because the First Circuit has declined to stay the relevant *Dorcas I* vacatur, and because Defendant has confirmed at the hearing that the challenged Policy Memos are not currently in effect, there is less uncertainty concerning the Defendant's enforcement of the challenged holds. *See* ECF 39;[6] *compare Karami v. Edlow*, No. 6:26-cv-00585-MTK, 2026 WL 1723913, at *3 n.3 (D. Ore. June 15, 2026) (noting "Defendants have declined in this case to confirm that they intend to stop enforcing the Policy Memos"). Second, Plaintiffs' status as members of the class action in *Red Eagle Law* also cuts against a likelihood of success on the merits. *See Sanchez v. Bondi*, No. 25-cv-02287-CNS, 2025 WL 2550646, at *2 (D. Colo. Aug. 20, 2025) (denying TRO and finding a failure to demonstrate a likelihood of success on the

[6] Although not specifically mentioned in the Minutes, the Court verified the Defendant's concession on the recording of the Hearing.

merits based on plaintiff's membership in a related non-optout class action). In essence, the Court does not find it necessary to grant extraordinary equitable relief for Plaintiffs based on a policy that is not in effect and where relief has already been afforded to the Plaintiffs as class members. *See Ghassemibouyaghchi*, 2026 WL 1959121 at *1 (denying preliminary injunction due to the adjudicative hold being vacated). And there is no indication that either the preliminary injunction or class certification order in *Red Eagle Law* has been appealed, *See Sanchez*, 2025 WL 2550646, at *2 (factoring into analysis that class certification order has not been stayed pending appeal), or that Defendant is planning to reinstate the now defunct Policy Memos.

Additionally, in light of the *Red Eagle Law* class certification order and equitable relief granted therein, the Court finds it would contravene principles of comity and judicial economy to issue inconsistent relief. Judge Breyer has already denied the request to order adjudication of the class members' applications within a specific timeline. *See* 2026 WL 2476424 at *6 (citation omitted) (finding the desired relief of adjudication within 60 days to be "improper"). Plaintiffs have not asserted that Defendant has failed to comply with the *Red Eagle Law* preliminary injunction, and the Court's independent review of the docket indicates that the *Red Eagle Law* court has required periodic status updates and is actively overseeing compliance with its preliminary injunction. *See* ECF 59 in *Red Eagle Law*, Case No. 3:26-cv-04850-CRB (N.D. Cal Aug. 28, 2026). Granting inconsistent relief would be improper here where Plaintiffs' counsel sought class certification and injunctive relief in another district yet now essentially argues that the Court should render that relief inadequate only as to these 17 class members that have not had their applications determined. Courts have declined to grant individualized equitable relief in similar situations, affording weight to the class action court's active enforcement of its own injunction and the potential that individual relief may harm the other class members. *See Aylin*

*Polat v. United States Dep't. of State*, No. 26-2555 (TJK), 2026 WL 2875068, at **2-3 (D.D.C. Sept. 24, 2026) (quoting *Gadasi v. Rubio*, No. 26-cv-2549 (CRC), 2026 WL 2754355, at *3 (D.D.C. Sept. 17, 2026)) ("A district court abuses its discretion when it grants equitable relief that expands or supplants relief already being administered in a class action involving the same parties and issues.").

Thus, Plaintiffs' arguments that their membership in the certified class does not foreclose particularized relief is not persuasive. In only two circumstances are individual actions for equitable relief proper outside of the class action: (1) "when their claims are not being litigated within the boundaries of the class action," and (2) in "individual actions seeking money damages." *McNeil v. Guthrie*, 945 F.2d 1163, 1166 n.4 (10th Cir. 1991) (citations omitted). Despite responding to Defendant's citation to *McNeil*, *see* ECF 42 at 6, Plaintiffs offer no explanation as to how either of these two circumstances apply. Plaintiffs' briefing confirms that they hope to obtain greater relief than what has been afforded to the class members, *see* ECF 42 at 6, which would be improper for this Court to grant. *See Gadasi*, 2026 WL 2754355, at *4 (citing *Goff v. Menke*, 672 F.2d 702, 704-05 (8th Cir. 1982); *United States v, Nolder*, 749 F.2d 1128, 1131 (5th Cir. 1984)).

Therefore, for the aforementioned reasons, the Court finds Plaintiffs have not demonstrated a likelihood of success on the merits. *See Sanchez*, 2025 WL 2550646, at *3 (citations omitted). The Court declines to address the remaining preliminary injunction factors as Plaintiffs have not shown their right to relief to be "clear and unequivocal." *Wilderness Workshop*, 531 F.3d at 1224 (citation omitted); *see Colorado Republican Party v. Griswold*, 715 F. Supp. 3d 1339, 1361 (D. Colo. 2024) (citing cases and declining to address remaining factors when likelihood of success on the merits not met); *Sierra Club, Inc. v. Bostick*, 539 F. App'x 885, 888 (10th Cir. Oct. 9, 2013)

(citations omitted) ("A party seeking a preliminary injunction must prove that *all four* of the equitable factors weigh in its favor.") (emphasis in original) (unpublished).

**CONCLUSION**

For the reasons stated above, it is ORDERED that Plaintiffs' Motion for Preliminary Injunction [ECF 8] is **denied**.

DATED at Denver, Colorado, this 30th day of September, 2026.

BY THE COURT:



Timothy P. O'Hara
United States Magistrate Judge